UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X        **NOT FOR PUBLICATION**
MARY R. TADESHE,

                      Plaintiff,        **MEMORANDUM AND ORDER**
    -against-        18-cv-6882 (LDH) (LB)


DIPO FRED AKINSIKU, OMOWUNMI AKINSIKU,

                      Defendants.
------------------------------------------------------------X
LaSHANN DeARCY HALL, United States District Judge:

      Plaintiff Mary R. Tadeshe, proceeding *pro se*, filed this complaint against Defendants Dipo Fred Akinsiku and Omowunmi Akinsiku pursuant to the Court's federal question and diversity jurisdiction. The Court grants Plaintiff's request to proceed *in forma pauperis* solely for the purpose of this Order and dismisses the complaint for lack of subject matter jurisdiction.

## BACKGROUND

      Plaintiff, a resident of New York, alleges that Defendants, New Jersey residents, have obstructed her access to her daughter and grandchildren and have prevented them "from having [a] parental and familiar relationship" with Plaintiff. (Compl. at 4-6, ECF No. 1.) She seeks $84,000 in damages for pain and suffering. (*Id.* at 5.) Plaintiff does not explain what if any relationship Defendants have to her, her daughter, or her grandchildren.

## STANDARD OF REVIEW

      Where, as here, a plaintiff is proceeding pro se, her pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less

1

stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)). This is "particularly so when the pro se plaintiff alleges that her civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, "even pro se plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555)).

An *in forma pauperis* action shall be dismissed where the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). However, if a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).

## DISCUSSION

"It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction. Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *See Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000).

Our courts have recognized a domestic relations exception to federal courts' jurisdiction. "Under this exception, federal courts are divested of jurisdiction in cases involving the issuance of a divorce, alimony, or child custody decree, and should further abstain from exercising

jurisdiction over cases on the verge of being matrimonial in nature." *Hamilton v. Hamilton-Grinols*, 363 F. App'x 767, 769 (2d Cir. 2010) (internal quotations and citations omitted). "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890).

Here, Plaintiff invokes the Court's federal-question jurisdiction and diversity jurisdiction. (Compl. at 4.) However, Plaintiff's dispute with Defendants over access to her daughter and grandchildren is not premised on the violation of any federal constitutional or statutory right and therefore does not suggest any basis for the Court's subject-matter jurisdiction. Moreover, while the exact nature of Plaintiff's allegations are unclear, what is clear is that Plaintiff's claims concern domestic relations, over which the Court has no jurisdiction.

## CONCLUSION

Accordingly, pursuant to Fed. R. Civ. P. 12(h)(3), the Court dismisses Plaintiff's complaint, filed *in forma pauperis*, without prejudice for lack of subject-matter jurisdiction. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED:

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
March 19, 2019